**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SHARON LEWIS,

      Plaintiff,

                                            Case No. 12-11838

v.                                        Hon. Lawrence P. Zatkoff

DETROIT PUBLIC SCHOOLS, *et al*.,

      Defendants.

_____/

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND
DISMISSING COMPLAINT**

**I. INTRODUCTION**

Currently before the Court are Plaintiff's Applications to Proceed *in Forma Pauperis* [dkt 2] and for Appointment of Counsel [dkt 3]. Plaintiff's Application to Proceed *in Forma Pauperis* is GRANTED; however, the Court will DENY Plaintiff's Application for Appointment of Counsel and DISMISS Plaintiff's Complaint under 28 U.S.C. § 1915(e).

**II. ANALYSIS**

**A. Plaintiff's Request to Proceed *In Forma Pauperis***

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of

fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id.* at 261. The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court will GRANT Plaintiff's request to proceed without prepayment of fees.

### B.  Application for Appointment of Counsel

Plaintiff has also requested that the Court appoint counsel on her behalf. "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citations omitted). Plaintiff has not shown that exceptional circumstances warranting the appointment of counsel exist in this case. Therefore, Plaintiff's application for appointment of counsel [dkt 3] is DENIED.

### C. Review of Plaintiff's Complaint

Upon granting a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on Defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia,*

*Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).  Construing Plaintiff's complaint liberally, the Court finds that Plaintiff has failed to state a claim upon which this Court may grant relief.

Plaintiff's complaint consists of a nine-page narrative.  The narrative generally describes Plaintiff's claim that she sought to reveal the Detroit Public Schools' ("DPS") cover-up of a gas leak at Detroit's Martin Luther King High School, and was retaliated against as a result.  Instead of clearly stating any claim, Plaintiff dedicates much of her complaint to allegations against several DPS employees for "deception," "cover-up," and "sabotage."  Plaintiff, however, fails to state how or whether these claims constitute cognizable causes of action in federal court, or how the claims implicate the named Defendants in this case.

While setting forth no individual counts, Plaintiff's complaint does state that "Plaintiff requests the Defendants to accomodate [sic] my disability pursuant to the Americans with Disabilities Act, pursuant to the Persons with Disabilities Civil Rights Act, and pursuant to any and all other applicable federal and state laws."  Thus, it appears that Plaintiff is claiming retaliation or discrimination under the federal Americans with Disabilities Act ("ADA") and Michigan's Persons with Disabilities Civil Rights Act.  To establish a prima facie case for ADA retaliation, Plaintiff must establish  that (1) she was engaged in a protected activity; (2) Defendant knew of her exercise of this protected activity; (3) Defendant then took an adverse employment action; and (4) there was a causal connection between the protected activity and Defendant's actions.  *See Canitia v. Yellow Freight System, Inc.*, 903 F.2d 1064, 1066 (6th Cir.1990) (citing *Wrenn v. Gould*, 808 F.2d 493 (6th Cir.1987)). To establish a prima facie case for ADA disability-discrimination, a plaintiff must prove that "(1) he or she is disabled; (2) otherwise qualified for the position with or without reasonable accommodation; (3) suffered an adverse employment decision; (4) the employer knew or had reason

to know of plaintiff's disability; and (5) the position remained open while the employer sought other applicants or the disabled individual was replaced." *Timm v. Wright State Univ.*, 375 F.3d 418, 423 (6th Cir.2004)).

Plaintiff has failed to set forth sufficient factual allegations to support the elements of a claim of ADA retaliation or discrimination. Plaintiff has, *inter alia*, failed to state with any particularity how or whether she engaged in protected activity, or that there was a causal connection between the protected activity and Defendant's actions. Plaintiff has also failed to provide factual allegations regarding her purported disability, stating that she is disabled yet not describing what, exactly, her disability is.

Additionally, Plaintiff's apparent claim under Michigan's Persons with Disabilities Civil Rights Act is based on state law. Although the Court may exercise supplemental jurisdiction over pendent state-law claims pursuant to 28 U.S.C. § 1367(a), the Court may decline to exercise supplemental jurisdiction if there are "compelling reasons for declining jurisdiction." *Id.* § 1367(c)(4). The Court finds that, notwithstanding the deficiencies of her apparent federal claim, Plaintiff's state-law claim raises novel and complex issues of state law that would be more appropriately adjudicated by the state court. *See id.* § 1367(c)(1). Additionally, the contemporaneous presentation of Plaintiff's parallel state claim for relief would result in the undue confusion of the jury. *See* 28 U.S.C. § 1367(c)(4); *see also Padilla v. City of Saginaw*, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994). As such, the Court declines to exercise supplemental jurisdiction over Plaintiff's apparent state-law claim in this matter.

Accordingly, the Court finds Plaintiff's complaint must be dismissed pursuant to § 1915(e) as it fails to state a claim upon which relief may be granted, and otherwise sets forth state-law claims

over which the Court declines to exercise supplemental jurisdiction.   Additionally, Plaintiff has failed to indicate whether she has exhausted administrative remedies to allow her to bring her ADA claim in federal court.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to proceed *in forma pauperis* [dkt 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's application for appointment of counsel [dkt 3] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  May 17, 2012


CERTIFICATE OF SERVICE

5

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 17, 2012.

s/Marie E. Verlinde
Case Manager
(810) 984-3290